# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| KRISTOPHER KNEUBUHLER | ) Case Number: 1:23-CR-047-MHC |
| | ) USM Number: 38608-510 |
| | ) Steven Berne and Lawrence Zimmerman |
| | Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count TWO.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2256(2) | Possession of Child Pornography | January 5, 2023 | 2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

April 9, 2024
Date of Imposition of Judgment

*/s/ Mark H. Cohen*
Signature of Judge

MARK H. COHEN, U. S. DISTRICT JUDGE
Name and Title of Judge

April 12, 2024
Date

DEFENDANT:  KRISTOPHER KNEUBUHLER
CASE NUMBER:  1:23-CR-047-MHC

Judgment -- Page **2** of **9**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **FIFTY-SEVEN (57) MONTHS AS TO COUNT TWO.**

The court makes the following recommendations to the Bureau of Prisons:  That the Defendant be allowed to serve his custodial sentence at a facility as close as possible to the Atlanta, Georgia, area; and that the Defendant be recommended for participation in the RDAP drug treatment, if qualified, while serving his sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  KRISTOPHER KNEUBUHLER  
CASE NUMBER:  1:23-CR-047-MHC  Judgment -- Page **3** of **9**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **FIFTEEN (15) YEARS AS TO COUNT TWO.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  *(Check if applicable)*
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.
6. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   KRISTOPHER KNEUBUHLER
CASE NUMBER:  1:23-CR-047-MHC                                                                              Judgment -- Page **4** of **9**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment unless the probation officer excuses, you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____  Date _____

USPO's Signature _____  Date _____

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must actively participate in a sex offense specific evaluation at a program approved by the U.S. Probation Office.  You must pay all or part of the costs of the evaluation based on your ability to pay unless excused by the probation officer.

You must participate in a sex offense specific treatment program and follow the rules and regulations of the program. The program must be approved by the U.S. Probation Office.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256).

To monitor compliance with the conditions of supervision and treatment program requirements, you must submit to periodic polygraph examination at the discretion of the probation officer. The examiner must be approved by the U.S. Probation Office.  You must pay all or part of the costs of the polygraph examination based on your ability to pay unless excused by the probation officer.

You will have no contact, whether directly in person or indirectly through any means of communication, with any child under the age of 18, including your own child, nor with any person unable to give consent due to mental or emotional limitations unless you have permission from your probation officer. If you do have incidental contact with any child under the age of 18, including your own child, or with any person unable to give consent due to mental or emotional limitations you shall immediately remove yourself from the situation.  You must report any such contact to the probation officer within 24 hours and submit a written description of the incident to the probation officer within 72 hours.

You must not patronize any adult entertainment establishments or adult toy /novelty shops. You must travel to or remain at any place where you know children under the age of 18 are likely to congregate, including parks, schools, arcades, playgrounds, and childcare facilities without first obtaining the permission of the probation officer.  You must not travel to or remain at a place for the primary purpose of observing or contracting children under the age of 18.

You must disclose all locations where you receive mail to your probation officer. You must disclose the location of any storage facilities and / or buildings to which you have access.

You must not engage in an occupation, business, profession, or volunteer activity that would require you to working where you have access to children under the age of 18. without the prior approval of the probation officer.

You must not possess children's clothing, toys, and / or games, without the approval of your probation officer.

DEFENDANT:   KRISTOPHER KNEUBUHLER
CASE NUMBER:  1:23-CR-047-MHC                                                                 Judgment -- Page **6** of **9**

Pursuant to 18 U.S.C. §§ 3563(b)(23) or 3583(d)(3), and because you are a felon and required to register under the Sex Offender Registration and Notification Act, you must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

You must cooperate with the U.S. Probation Office in the monitoring of any computer system, Internet capable devices, and / or similar electronic devices that you have access. Cooperation includes, but is not limited to, identifying computer systems, Internet capable devices, and / or similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) to which you have access and allowing the installation of monitoring software/hardware on said devices. You and/or your probation officer shall inform all parties that access a monitored computer or similar electronic device that the device is subject to search and monitoring. You may be limited to possessing only one personal Internet capable device to facilitate your probation officer's ability to effectively monitor your Internet related activities. You must not remove, tamper with, reverse engineer, or in any way circumvent installed software. You must provide passwords for said computer systems. If able, you must pay the cost of monitoring unless excused by the probation officer.

To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers, computer systems, Internet capable devices, and similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) subject to monitoring. These searches shall be conducted for the purpose of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning properly after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must take all mental health medication prescribed by your treating provider. You must pay for all or part of the costs of medication based on your ability to pay unless excused by the probation officer.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT:  KRISTOPHER KNEUBUHLER
CASE NUMBER: 1:23-CR-047-MHC                                                    Judgment -- Page **7** of **9**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties as provided below.  All criminal penalties shall be due immediately.  Payments must be made to the Clerk of court, United States District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.

**Special Assessment**

TOTAL         $100.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court waives the fine and cost of incarceration in this case.

**JVTA Assessment**

TOTAL         $5,000.00

**Assessment***

TOTAL         $10,000.00

**Restitution**

TOTAL         $20,500.00

| Name of Payee | Restitution Ordered |
|---|---|
| Restore the Child in Trust for Jen<br>Restore the Child, PLLC<br>2522 N. Proctor Street, Suite 85, Tacoma, WA 98406 | $4,000 |
| Restore the Child in Trust for Ivy<br>Restore the Child, PLLC<br>2522 N Proctor Street, Suite 85<br>Tacoma, WA 98406 | $4,000 |

DEFENDANT:   KRISTOPHER KNEUBUHLER
CASE NUMBER:  1:23-CR-047-MHC
Judgment -- Page **8** of **9**

| | |
|---|---|
| Jones Day in Trust for Patty<br>Jones Day<br>Attn: Kelly Locher<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219-2514 | $4,000 |
| Carol L. Hepburn I/T/F Lily<br>P.O. Box 17718<br>Seattle, WA 98127 | $8,500 |
| TOTAL | $20,500.00 |

You shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The Court find that the defendant does not have the ability to pay interest on the amount of restitution.  The Court waives the interest requirement for the restitution.

## FORFEITURE

The Court hereby orders forfeiture consistent with the Final Order and Judgment of Forfeiture [Doc. 66], which is incorporated herein.

---

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KRISTOPHER KNEUBUHLER
CASE NUMBER: 1:23-CR-047-MHC

Judgment -- Page **9** of **9**

Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☐ Lump sum payment of $_____ due immediately, balance due:
   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☑ Payment to begin immediately (may be combined with: ☐ C, ☑ D, or ☑ F below): or

C. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after the date of this judgment; or

D. ☑ Payment in equal monthly *(e.g., weekly, monthly, quarterly)* installments of $250.00 or 25% of gross monthly income in excess of $2,500, to commence 30 days *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ days *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☑ Special instructions regarding the payment of criminal monetary penalties:

   **Payment of restitution shall be in accordance with the Agreed Restitution Order filed in this case.**

   **You shall make restitution payments that remain outstanding from any wages you may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.